UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES CHARLES JOHNSON,

                Plaintiff,

v.                                           **DECISION AND ORDER**
                                                    15-CV-38S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

      1.     Plaintiff James Charles Johnson challenges an Administrative Law Judge's ("ALJ") decision dated March 19, 2013, wherein the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act (the "Act"). Plaintiff now contends that this determination is not based upon substantial evidence, and remand is warranted.

      2.     Plaintiff protectively filed applications for disability insurance benefits under Title II of the Act on May 27, 2011 and for supplemental security income under Title XVI of the Act, alleging a disability beginning on January 1, 2011. The claim was initially denied on November 3, 2011. Plaintiff thereafter requested a hearing before an ALJ and, on January 9, 2013, Plaintiff appeared and testified in Buffalo, NY. On March 19, 2013, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed an administrative appeal, and the Appeals Council denied Plaintiff's request for review on November 13, 2014, rendering the ALJ's determination the Commissioner's final decision. Plaintiff filed the instant action on January 12, 2015.

3.	Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 9, 11).  Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.	A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5.	To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's

finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (R. 17.)[1] He then made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2011 (id.); (2) Plaintiff had the following severe impairments: bilateral pes planus[2] (R. 18); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 19); (4) because Plaintiff had the residual functional capacity ("RFC") "to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently, sit for two hours in an eight-hour work day and stand or walk six hours in an eight-hour workday" with frequent limitations on operating foot controls and a limitation on exposure to cold and dampness, he was not precluded from performing past relevant work as a baker and as a kitchen manager (R. 20-24); and (5) having found that Plaintiff had the RFC to perform past relevant work,

---

[1] Citations to the underlying administrative record are designated as "R."
[2] Pes planus is more commonly known as "flat feet."

the ALJ did not examine whether other jobs exist in the national economy that Plaintiff was able to perform.

10. Plaintiff advances two challenges to the ALJ's decision. Plaintiff first contends that the ALJ erred by substituting his own judgment for that of medical opinion evidence with regards to Mr. Johnson's RFC. In determining the RFC of a claimant, "[t]he Commissioner must consider objective medical evidence, opinions of examining or treating physicians, subjective evidence submitted by the claimant, as well as the claimant's background, such as age, education, or work history." Stover v. Astrue, No. 11-CV-172, 2012 WL 2377090, at *6 (S.D.N.Y. Mar. 16, 2012). An RFC determination specifies the "most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545. The RFC determination is reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2). However, "[a]n ALJ's RFC assessment is a medical determination that must be based on probative medical evidence of record. Accordingly, an ALJ may not substitute his own judgment for competent medical opinion." Lewis v. Comm'r of Soc. Sec., No. 6:00 CV 1225 GLS, 2005 WL 1899399, at *3 (N.D.N.Y. Aug. 2, 2005) (internal citations omitted); see also Burgess v. Astrue, 537 F.3d 117, 131 (2d Cir. 2008).

The administrative record in this case contains only one medical opinion as to Plaintiff's physical limitations.[3] That opinion was provided by Dr. Nikita Dave, who completed a consultative internal medical examination of Plaintiff at the request of the Social Security Administration on December 10, 2012. (R. 354-65.) After a seemingly thorough examination, Dr. Dave diagnosed Plaintiff with pes planus, noting, *inter alia*,

---

[3] The record also contains an opinion regarding Plaintiff's non-exertional limitations, provided by Susan Santarpia at the request of the Social Security Administration. (R. 344-48.) Plaintiff does not address any inconsistencies between the RFC and Dr. Santarpia's opinion in his motion.

that Plaintiff's "[g]ait was remarkable for forward trunk lean of 15 to 20 degrees due to lower back pain" and that Plaintiff was able to "walk a few steps on heels and toes holding onto the exam table but complained of foot pain." (R. 355-356.) Dr. Dave also noted that Plaintiff reported a lower back injury and increasing back pain over the past two years. (Id.) Dr. Dave completed a medical source statement in two parts, each of which addressed Plaintiff's ability to sit, stand, and walk during an eight-hour work day. The first part is a general assessment, stating that Plaintiff has moderate limitations with respect to prolonged standing and walking. (R. 357.) The second part of the medical source statement is a form, where Dr. Dave checked boxes indicating that Plaintiff could sit, stand, or walk for one continuous hour at a time, could stand and walk only one hour each out of an eight-hour workday, and could sit either five or six hours in an eight-hour workday. (R. 361.) The form indicates that, on days where sitting, standing, and walking time did not add up to a total of eight hours, Plaintiff could lie down for the remaining time. (Id.)[4]

By contrast, the ALJ's RFC determination states that Plaintiff has the ability to "sit for two hours in an eight-hour work day and stand or walk six hours in an eight-hour workday." (R. 20-24.) Thus, according to the ALJ, Plaintiff's ability to walk and stand was significantly greater than as stated by Dr. Dave: instead of two cumulative hours of walking and standing that Dr. Dave judged appropriate in her medical source statement, the ALJ determined that Plaintiff was capable of standing and walking a cumulative six hours.[5] In support of this deviation, the ALJ stated that he "gave some, but not great

---

[4] Dr. Dave also stated that Plaintiff could never climb ladders or scaffolds, balance, or crawl. (R. 363.) These limitations are not addressed in the ALJ's RFC.
[5] Curiously, the ALJ found that Plaintiff would only be able to sit two hours in an eight-hour workday, where Dr. Dave assessed Plaintiff's capacity to sit as five or six hours.

6

weight" to Dr. Dave's opinion. The ALJ specified that Dr. Dave's assessment of Plaintiff's spinal limitations, including limitations on repetitive bending and twisting, was "not supported by the evidence from treating sources, which noted no diagnoses of a spinal impairment." (R. 24, citing R. 282-86 and R. 332-43.) He also noted that "there are no diagnostic test results in the record to confirm the presence of a lower back impairment" and that he found Plaintiff's "testimony . . . credible, but not to the extent alleged." (Id.) The ALJ did not otherwise address the inconsistencies between his RFC and Dr. Dave's opinion regarding Plaintiff's limitations on sitting, standing, and walking. However, he did credit Dr. Dave's diagnosis of bilateral pes planus, finding it to be a "severe impairment." (R. 18.)

"An ALJ is free to choose between properly submitted medical opinions, but cannot substitute his own expertise for that of a physician." Draggett v. Colvin, No. 12-CV-575S, 2013 WL 5488910, at *6 (W.D.N.Y. Sept. 30, 2013) (citing Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998)). Indeed, "[n]either a reviewing judge nor the Commissioner is permitted to substitute his own expertise or view of the medical proof for . . . any competent medical opinion." Burgess, 537 F.3d at 131 (internal citations and quotations omitted) (citing Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); Balsamo, 142 F.3d at 81 (an ALJ "is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him" or to "engage[ ] in his own evaluations of the medical findings") (internal quotation marks omitted)). The ALJ does not state, and the Commissioner does not argue, that Dr. Dave was not competent to provide a medical opinion. Thus it was improper for the ALJ to substitute his own judgment as to Plaintiff's capacity for standing and walking.

Moreover, "'[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Hogan v. Astrue, 491 F. Supp. 2d 347, 354 (W.D.N.Y. 2007) (quoting Social Security Ruling 96-8p, 1996 WL 374184, at *7 (S.S.A. 1996), citing Balsamo, 142 F.3d at 80-81). In this case, after setting forth Plaintiff's RFC, the ALJ did summarize the medical and nonmedical evidence in the record, including treatment notes from Plaintiff's other doctors, Plaintiff's own testimony, and Dr. Dave's medical source statement. (R. 20-24.) However, despite his significant disagreement with Dr. Dave's assessment of Plaintiff's capacity to stand and walk, the ALJ did not identify any affirmative contradictory evidence in the record demonstrating that Plaintiff could stand or walk six hours a day, either in the form of another medical opinion or in the form of diagnostic test results.[6] Instead, he cites only the absence of data in support of his determination that Plaintiff's physical abilities were greater than assessed. This does not constitute substantial evidence. King v. Astrue, No. 06-CV-0692C, 2008 WL 821999, at *4 (W.D.N.Y. Mar. 26, 2008) ("'[T]he ALJ must point to affirmative pieces of evidence, not simply the absence of evidence, to support his determination.'") (quoting Volkerts v. Soc. Sec. Admin., No. 3:03CV 01471 CFD TPS, 2005 WL 2660433, at *2 (D. Conn. Sept. 29, 2005)).

---

[6] Even if the ALJ could point to contradictory data, he could not rely on that alone in support of his RFC determination without corroborating medical opinion. "[I]t is not sufficient for the ALJ simply to secure raw data from the treating physician." Jackson v. Colvin, No. 13-CV-5655 AJN SN, 2014 WL 4695080, at *19 (S.D.N.Y. Sept. 3, 2014) (internal quotation omitted); see also Filocomo v. Chater, 944 F. Supp. 165, 170 (E.D.N.Y. 1996) ("In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

"In short, by discounting the only medical opinion that assessed [P]laintiff's functional limitations, the ALJ clearly relied on his own assessment of [P]laintiff's functional capacity. Consequently, remand is warranted." McCarthy v. Colvin, 66 F. Supp. 3d 315, 322 (W.D.N.Y. 2014) (citing Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate" where the court is "unable to fathom the ALJ's rationale in relation to the evidence in the record.") (internal citation and quotation marks omitted); Naumovski v. Colvin, 2014 WL 4418101, at *8 (W.D.N.Y. Sept. 8, 2014) (remanding where ALJ simply summarized parts of the medical record and failed to cite to any specific medical opinion to support his RFC finding)).

11.   Second, Plaintiff contends that the ALJ erred by failing to collect "significant treatment records" and thereby made an unfavorable decision on an undeveloped record. The ALJ is required to "develop a complete medical record before making a disability determination." Pratts, 94 F.3d at 37 (citing 20 C.F.R. § 404.1512(d)-(f)). "The relevant regulations state that, '[w]hen the evidence we receive from your treating physician . . . or other medical source is inadequate for us to determine whether you are disabled, . . . [w]e will first recontact your treating physician . . . or other medical source to determine whether the additional information we need is readily available.'" Downes v. Colvin, No. 14-CV-7147 JLC, 2015 WL 4481088, at *14 (S.D.N.Y. July 22, 2015) (quoting 20 C.F.R. § 404.1512(e)). "Even if the ALJ's decision might ultimately be supported by substantial evidence, the Court cannot reach this conclusion where the decision was based on an incomplete record." Id. at *12.

To the extent that the ALJ discounted Dr. Dave's medical source statement because he thought that the record did not contain any evidence supporting Dr. Dave's

conclusions, it was the ALJ's responsibility to attempt to fill those gaps. The ALJ was on notice of a number of records, including x-rays and treatment notes, which were not submitted prior to the hearing. (See R. 339, 354.) The ALJ was not free to effectively disregard Dr. Dave's opinion as unsupported by the record without seeking additional evidence or clarification. See Jones v. Colvin, No. 14-CV-556S, 2015 WL 5126151, at *4 (W.D.N.Y. Sept. 1, 2015) (remand warranted where ALJ rejected medical source statement and failed to seek clarification). Accordingly, this Court concludes that remand is appropriate. Rosa v. Callahan, 168 F.3d 72, 82 (2d Cir. 1999) ("Where there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order.").

12. After carefully examining the record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: March 13, 2016
       Buffalo, New York

                                      /s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                   United States District Judge